### W. T. WILLIAMS v. LOUISA MAY.

VERDICT, *When Not Disturbed.* Where there is any proper evidence to support the verdict of a jury, approved by the trial court, this court will not disturb such verdict.

*Error from Osage District Court.*

THE case is stated in the opinion.

*C. S. Martin*, for plaintiff in error.

*Frank A. Hay*, and *Robert C. Heizer*, for defendant in error.

Opinion by STRANG, C.: This was an action in trespass under the statute for treble damages, commenced in the district court of Osage county, April 26, 1887. Plaintiff claimed damages in three separate counts: First, for taking and carrying away coal from the plaintiff's land; second, for taking and carrying away earth; and third, for damages to a well on her premises. The second and third counts were practically abandoned on the trial. The defendant answered by general denial, and the case was tried by the court and a jury, December 16, 1887, and resulted in a verdict in favor of the plaintiff for $285.05. A motion for a new trial was filed and overruled, and the plaintiff, defendant below, brings the case here, and alleges that the verdict is not sustained by the evidence. This is the only error argued in the brief of plaintiff in error, and the only one relied on, though others are assigned. It is true plaintiff says in his brief that his demurrer to the evidence of the plaintiff below should have been sustained, but as that raises practically the same question as the one raised in the allegation that there is no evidence to sustain the verdict, we will not consider it separately.

It is the rule of this court, so well established that it goes without saying, that where there is any proper evidence to support the verdict of a jury which has the approval of the trial court, this court will not disturb such verdict. The plaintiff in error recognizes this in his brief, but says there is no evidence sustaining the verdict in this case, and that this court has not gone so far as to sustain a verdict that is not supported by any evidence because such verdict is approved by the trial court. In this case, Williams, defendant below, testified that he never removed any coal from the premises of Mrs. May, plaintiff below, and that he never authorized any-one to do so; did not know until after it was removed that it was being done; and there is no direct testimony contradict-

ing this evidence. But the witness Gray testified that he was a miner of fifteen years' experience; that he was acquainted with the mine of the defendant below; that he had surveyed it for both the plaintiff and the defendant below, and for the state, showing his thorough knowledge of the mine and its surroundings. Then Gray testified that it would take a year, the way that shaft was operated, to take the coal from under the land of the plaintiff below. Williams testified that he leased his shaft to one Branstrom, August 15, 1886, and at that time the mine was worked pretty close to the land of Mrs. May. All the evidence showed that the coal was taken from Mrs. May's land prior to the 1st of May, 1887. While there was no direct evidence showing that Williams removed coal from Mrs. May's land, yet if the evidence of Gray is true, a portion of the coal was taken from her land prior to August 15, 1886; and the jury, who were the judges of the weight to be given to the testimony of witnesses, may have given the testimony of Gray more weight than they did the evidence of Williams, and may, under the circumstances of Gray's testimony, have entirely disbelieved Williams's statement. We may not undertake to say whether the jury should have done so, or not, because that would be weighing and attempting to give weight to the evidence, which must be left to the jury. We think there was some evidence to support the verdict; and as the jury weighed it, and gave it greater weight than they gave the evidence of Mr. Williams, and thereon found for the plaintiff, we will not interfere. We therefore recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.